UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN CRUMP,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 18-cv-00712-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 55 |

    Plaintiff Carmen Crump alleges a single claim against defendant Wells Fargo Bank for a violation of California Civil Code Section 2923.6. Dkt. No. 52 (Second Amended Complaint). That code section prohibits a mortgage servicer from recording a notice of default or notice of sale, or from conducting a trustee's sale, while the borrower's complete loan modification application is pending. Crump claims that she "submitted a complete loan modification application to defendant on or around December 20, 2017 and has not yet received a determination on her application." Dkt. No. 52 at 4 ¶ 10. She seeks an injunction under California Civil Code Section 2924.12(a), to stop defendant who allegedly "intends to sell plaintiff's home at foreclosure on March 14, 2018 [*sic*]." *Id*. at 3 ¶ 4.

    A joint stipulation filed in this case shows that Crump submitted a complete loan modification application in September 2018. Dkt. No. 43 at 1. Crump has represented to the Court that Wells Fargo sent her a letter on September 14, 2018, informing her of their decision on the application, and that she appealed that decision on October 19, 2018. *Id*. She further averred that on October 25, 2018, "Wells Fargo sent plaintiff a letter stating that Wells Fargo reviewed plaintiff's appeal and that plaintiff still did not meet the requirements for a loan modification." *Id*. at 2.

These representations make clear that plaintiff cannot state a claim against Wells Fargo under California Civil Code Section 2923.6 on the basis of any open loan modification application dating from December 2017. Her claim of a "material change in her financial circumstances" in December 2017, Dkt. No. 52 at 3 ¶ 2, is of no moment because such a change would have preceded the complete loan modification application she concedes she submitted in September 2018, and as to which Wells Fargo indisputably issued multiple written decisions in September and October 2018.

Consequently, Wells Fargo's motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) is granted.[1] While the Court ordinarily grants leave to amend liberally, it need not do so when amendment would be futile and plaintiff has already had multiple opportunities to amend her complaint. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'"); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Both apply to this case, and any further opportunity to amend is denied.

Judgment will be entered for Wells Fargo and the case will be closed.

**IT IS SO ORDERED.**

Dated: August 13, 2019

JAMES DONATO
United States District Judge

---

[1] The Court finds the motion suitable for decision without oral argument. Civil L.R. 7-1(b).

2